IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------X
                       :

DEBRA MOLFESE               :          3:05 CV 317 (JBA)
                       :

V.                         :
                       :

FAIRFAXX CORP.           :         DATE: SEPTEMBER 23, 2005
                       :
------------------------------------------------------X

<u>RULING ON PLAINTIFF'S MOTION TO COMPEL</u>

On February 23, 2005, plaintiff commenced this action, alleging sexual discrimination and retaliation under Title VII, 42 U.S.C. § 2000e <u>et seq.</u>, and the Connecticut Fair Employment Practices Act, CONN. GEN. STAT. §§ 46a-60(a)(1), (4) & (8) (First Count through Sixth Count), as well as breach of contract (Seventh Count) and fraud (Eighth Count), regarding her employment with defendant from September 2002 through February 2004. (Dkt. #1). Defendant filed its Answer and Affirmative Defenses on August 18, 2005. (Dkt. #19). Under the Scheduling Order, filed on June 1, 2005, by U.S. District Judge Janet Bond Arterton, all discovery is to be completed by February 1, 2006 and all dispositive motions are to be filed by March 1, 2006. (Dkt. #11, ¶¶ 1-2).

On August 18, 2005, plaintiff filed the pending Motion to Compel, and affidavit and brief in support. (Dkts. ##17-18).[1] On September 8, 2005, defendant filed its brief in opposition. (Dkt. #23).[2] Plaintiff filed her reply brief six days later. (Dkt. #26).[3]

---

[1] Attached as Exh. A to plaintiff's brief (Dkt. #18) is a copy of defendant's Objections to Plaintiff's Request for Production, dated June 28, 2005.

[2] Attached as Exh. A is a copy of correspondence between counsel, dated August 12, 2005.

[3] Attached as Exh. A is a copy of defendant's Position Statement and Response, dated April 28, 2004, filed with the U.S. Equal Employment Opportunity Commission.

On September 12, 2005, Judge Arterton referred the pending motion to this Magistrate Judge.  (Dkt. #25).  For the reasons stated below, plaintiff's Motion to Compel (Dkt. #17) is granted in part and denied in part.

## I.  DISCUSSION

Five discovery requests are at issue here – Document Request Nos. 2, 6, 7, 9 and 19 – which seek defendant's federal and state tax returns for 2001 through 2004, its check registers for those four years, its checks for those four years, its bank statements for 2002 through 2004, and all documents referring and/or relating to revenues for 2003 through 2004; defendant has objected on the basis of relevancy.  (Dkt. #18, at 2-7 & Exh. A; Dkt. #23, at 2-7; Dkt. #26, at 2-5).  Plaintiff argues that these documents are necessary, insofar as defendant contends that it has employed only seven people from 2002 to the present, and has never employed fifteen or more employees, and also will clarify the relationship between defendant Fairfaxx Corporation and Fairfaxx Personnel Services. (Dkt. #18, at 3-5; Dkt. #26, at 2-4 & Exh. A).[4]

Defendant has produced W-2s, one 1099, records from ADP, and unemployment quarterly filings in response to Request No. 2; plaintiff seeks defendant's tax returns, and in particular the 5500s and K-1s.  (Dkt. #18, at 3; Dkt. #23, at 2-5 & Exh. A; Dkt. #26, at 2-3).  Plaintiff is entitled to copies of those limited portions of defendant's tax returns, if any, which reflect whether Fairfaxx Personnel Services still exists and whether it has any employees. Defendant asserts that the Form 5500s will reflect the number of people participating in defendant's employee benefit plans, but who no longer are employed by defendant.  (Dkt. #23, at 3).  To the extent such individuals exist, defendant may indicate the number of

---

[4]Defendant maintains that Fairfaxx Personnel Services merged into defendant Fairfaxx Corporation in 1992, which is "clearly confirm[ed]" in the Connecticut Secretary of State's website. (Dkt. #23, at 4).

individuals who fall into this category, but plaintiff nonetheless is entitled to the Form 5500s.
Defendant shall comply **on or before October 14, 2005**

With respect to Nos. 6, 7 and 9, which seek defendant's check registers, checks, and bank statements, plaintiff is entitled to copies of those portions of defendant's check registers which reference checks made payable to employees, as well as copies of these checks.[5]  Plaintiff is also entitled to a copy of any portion of defendant's bank statement that indicates defendant's bank accounts were overdrawn or frozen in late December 2003, as such information could be relevant to plaintiff's claim regarding the Perry Ellis commission. (See Dkt. #26, at 4).  Defendant shall comply **on or before October 14, 2005**.  If, after review of these documents, plaintiff still wants to inspect the entire ledger and all the bank statements (see Dkt. #18, at 5), plaintiff may file a renewed Motion to Compel.

With respect to No. 19, which seeks all documents referring and/or relating to revenues generated by defendant's employees for 2003 and 2004, plaintiff argues that despite defendant's contention that she was a poor performer, the W-2s produced by defendant reflect that plaintiff received the most income of all employees in 2003, and that defendant maintains spread sheets for each recruiter relating to revenues and commissions. (Dkt. #18, at 7).   In its brief in opposition, defendant asserts that it does not claim that plaintiff was a poor performer, and that plaintiff already has W-2 statements and other payroll records to provide the information she needs.  (Dkt. #23, at 6-7).  In her reply brief, plaintiff responds that defendant's assertion is contrary to its filings before the EEOC and in this court.  (Dkt. #26 at 5).  Plaintiff is entitled to copies of any spread sheets defendant maintains or can create for each recruiter relating to revenues and commissions for 2003

---

[5]If the number of employees is as low as defendant contends, this task should not be too onerous.

and 2004.  Defendant shall comply **on or before October 14, 2005**.

## II. CONCLUSION

Accordingly, plaintiff's Motion to Compel (Dkt. #17) is <u>granted in part</u> with respect to Document Requests Nos. 2, 6, 7, 9 and 19 to the extent set forth in Section I <u>supra</u>.[6]

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 23rd day of September, 2005.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge

---

[6]The parties held a settlement conference on September 8, 2005 before Special Master William Logue, who indicated that he will continue to monitor settlement discussions after a ruling on the pending motion.  (Dkt. #24).  If Special Master Logue is unable to hold a continued settlement conference, counsel may contact this Magistrate Judge's Chambers to hold such conference.