IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
------------------------------------------------------X
                                                       :
DEBRA MOLFESE                                          :        3:05 CV 317 (JBA)
                                                       :
                                                       :
V.                                                     :
                                                       :
FAIRFAXX CORPORATION                                   :        DATE: MARCH 29, 2006
                                                       :
------------------------------------------------------X
```

RULING ON PLAINTIFF'S MOTION TO COMPEL

Plaintiff Debra Molfese initiated this action on February 23, 2005 against defendant Fairfaxx Corporation ["Fairfaxx"] in which Complaint she alleges sexual discrimination and hostile work environment (Counts One & Four), retaliation (Counts Two & Five) and wilfulness (Counts Three & Six) in violation of Title VII, 42 U.S.C. § 2000e and the Connecticut Fair Employment Practices Act, CONN. GEN. STAT. 46a-60(a)(1), (4) & (8), as well as claims for breach of contract (Count Seven) and fraud (Count Eight), arising out of her employment with defendant from September 2002 through February 2004. (Dkt. #1).[1] Defendant filed its Amended Answer on December 6, 2005. (Dkt. #34; see also Dkts. ##19, 33, 36 & 45).

On September 12, 2005, United States District Judge Janet Bond Arterton referred this case to this Magistrate Judge for purposes of supervising discovery. (Dkts. ##25 & 27).[2] After several extensions of the discovery deadline, discovery is now scheduled to close on May 1, 2006. (Dkt. #50; see also Dkts. ##2, 11, 32 & 42).

---

[1]Plaintiff filed her Motion to Amend her Complaint on December 12, 2005, which motion is pending before United States District Judge Janet Bond Arterton. (Dkts. ##38-39, 43-44). In her Motion to Amend, plaintiff seeks to add Fairtekk Services Group, LLC as a defendant, to which defendant objects.

[2]Familiarity with this Magistrate Judge's Ruling on Plaintiff's Motion to Compel, filed September 23, 2005, is presumed. (See Dkt. #28).

On February 14, 2006, plaintiff filed the pending Motion to Compel and brief and affidavit in support (Dkts. ##47-49),[3] as to which defendant filed its brief in opposition on March 6, 2006 (Dkt. #54).  On March 17, 2006, plaintiff filed her reply brief.  (Dkts. ##60-61).[4]

For the reasons stated below, plaintiff's Motion to Compel (Dkt. #47) is <u>granted in part and denied in part.</u>

## I. FACTUAL BACKGROUND

On December 11, 2005, plaintiff served her Second Request for Production on defendant.  (Dkt. #49, Exh. A; Dkt. #48, ¶ 3).  One month later, on January 11, 2006, defendant served its objections to virtually all of the document requests and failed to submit any document responses to Document Request Nos. 5, 16, 17, 18, 35 and 36; Requests Nos. 16, 17, and 18 related to the sale and transfer of assets from defendant to any entity, including Fairtekk Services Group, LLC ["Fairtekk"].  (Dkt. #49, Exh. B; Dkt. #48, ¶ 4).  On January 31, 2006, as required by Local Civil Rule 37, counsel conducted a discovery conference at which plaintiff's counsel offered to enter into a Stipulation of Confidentiality for documents defendants claimed were sensitive. (Dkt. #48, ¶ 6).  Three days later, defendant served plaintiff with a revised Response to Plaintiff's Second Request for Production. (Dkt. #49, Exh. C; Dkt. #48, ¶ 7).  Plaintiff's pending Motion to Compel was filed shortly thereafter,

---

[3]Attached to plaintiff's brief in support (Dkt. #49) are the following four exhibits: copy of Plaintiff's Second Request for Production, dated December 11, 2005 (Exh. A); copy of Objection to Plaintiff's Second Request for Production, dated January 11, 2006 (Exh. B); copy of Responses to Plaintiff's Second Request for Production, dated February 3, 2006 (Exh. C); and copy of excerpts from deposition testimony of Joseph Tucci, taken on November 22, 2005 ["Tucci Depo."](Exh. D).

[4]Plaintiff's reply brief is docketed twice.  (<u>See</u> Dkts. ##60-61).  Attached to Dkts. ##60-61 are the following eight exhibits: another copy of excerpts of the Tucci Depo. (Exh. A); copies of "Business Inquiry" and "Business Filings" of Fairtekk Services Group, LLC, dated March 9, 2006 (Exhs. B-C); excerpts of copies of Master List for the period 12/22/2002-12/28/2002 (Exhs. D & G); copies of 2002 W-2s of Christopher Chappa and Joseph J. Chute (Exh. E); copies of 2002 W-2s of Frank Defreitas and Bonnie DeLuca (Exh. F); and another copy of Responses to Plaintiff's Second Request for Production, dated February 3, 2006 (Exh. H).

in which motion plaintiff seeks the production of documents responsive to Document Requests Nos. 10-14, 19-26, 29, 31 and 33.  (See Dkt. #47).

Plaintiff seeks responsive documents relating to defendant's decision to cease Fairfaxx's business operations, as such decision "relates to plaintiff's potential back pay damages as [p]laintiff's back pay recovery ends the date defendant ceased its operations." (Dkt. #49, at 4)(emphasis omitted).  Plaintiff posits, however, that if Fairtekk is the successor-in-interest to defendant Fairfaxx, then plaintiff's back pay would not cease upon Fairfaxx's cessation of its business operations.  (Id. at 5 & 8).  Defendant responds that: (1) the requests have been made to Fairtekk, which is not a party to the litigation,[5] and (2) plaintiff does not need the information she seeks to make the determination whether Fairtekk is the successor entity to defendant Fairfaxx.  (Dkt. #54).

## II. DISCUSSION

The discovery requests at issue here seek fifteen categories of documents -- Fairtexx's federal and state tax returns and W-2s from 2002-2005 (Nos. 10-11), the 1099s issued by Fairtekk from 2001-2004 (No. 12), all documents relating to health benefits provided by Fairtekk (No. 13), all bank statements for accounts held by Fairtekk for 2004-2005 (No. 14), all documents relating to income received/revenues generated by or expenses of Fairtekk for 2004-2005 (Nos. 19-20), all documents relating to expenses of or income received/revenues generated by defendant Fairfaxx for 2004-2005 (Nos. 21-22), all documents relating to correspondence to clients and creditors of defendant Fairfaxx relating to the sale/transfer of its assets and/or stock (Nos. 23-24), all January 2005 correspondence between Fairfaxx and its clients (No. 25), all communications between defendant Fairfaxx and its insurance carrier in 2004-2005 (No. 26), all documents relating to claims asserted

---

[5]See note 1 supra.

against defendant Fairfaxx by any of its former employees with the Department of Labor from 1997 to the present (No. 29),[6] and all 2005 phone bills and overnight/express delivery bills for defendant Fairfaxx corporation (Nos. 31 & 33). (Dkt. #49, at 5, 8-9, 11, 13, 15-16 & Exhs. A-C; Dkts. ##60-61, Exh. H).

The Federal Rules of Civil Procedure provide for liberal discovery, such that discovery extends to "any matter not privileged, that is relevant to the claim or defense of any party. . . ." FED. R. CIV. P. 26(b)(1); see Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992). Relevance under Rule 26(b)(1) has been construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)(citation omitted).

Joseph Tucci, the Vice President of defendant Fairfaxx, testified at his deposition that defendant Fairfaxx Corporation is no longer in existence; thus, any claim made by plaintiff for back pay ends on the date Fairfaxx ceased to exist. (Tucci Depo. at 30-31). That notwithstanding, it is undisputed that the principals of defendant Fairfaxx have continued the recruitment business at Fairfaxx's offices, using Fairfaxx's equipment and employees under the name of Fairtekk Services Group, LLC. (Tucci Depo. at 33-38). Additionally, although Tucci testified at his deposition that two of his employees, Joseph Chute and Frank Defrietas, were employed by Fairtekk, the MasterList issued by "EasyPay" for Fairfaxx states that Chute was issued a W-2 by Fairfaxx in 2002, under the subheading Fairtekk, while Defrietas is listed as a Fairfaxx employee, and both received W-2s that state that their employer is Fairfaxx (although there are handwritten notes on both W-2s stating "Fairtekk Corp."). (Tucci Depo. at 19; Dkts. ##60-61, Exhs. D-G). Accordingly, although defendant claims that

---

[6]Plaintiff does not refer to Document Request No. 29 in her reply brief. (See Dkts. ##60-61, at 8-9).

Fairfaxx and Fairtekk have always operated as separate entities, the documents produced to plaintiff thus far suggest otherwise, as they evidence that the two companies were financially intertwined.  Although Fairtekk is not yet a named defendant, [7] information relating to its existence in relation to defendant Fairfaxx is relevant, or at minimum, "reasonably calculated to lead to the discovery of admissible evidence," as discovery into the existence of defendant Fairfaxx and into the question of whether Fairtekk is the successor-in-interest of Fairfaxx bears directly on the viability of plaintiff's claim for back pay.  That being said, although the rules governing discovery are liberal, this Court has a duty to ensure that discovery requests are reasonable.   FED. R. CIV. P. 26(b)(2); In re: sur. Ass'n of Am., 388 F.2d 412, 414-15 (2d Cir. 1967).

A. DOCUMENT REQUESTS NOS. 10-14, 19-20 & 21-22

Defendant argues that the production of Fairtexx's federal and state tax returns and W-2s from 2002-2005 (Nos. 10-11), the 1099s issued by Fairtekk from 2001-2004 (No. 12), documents relating to health benefits provided by Fairtekk (No. 13) and all bank statements for accounts held by Fairtekk for 2004-2005 (No. 14), is "not necessary to make the determination of successor liability." (Dkt. #54, Brief at 4).  Additionally, defendant contends that plaintiff previously requested the "exact same information from Fairfaxx Corporation," which request was denied by this Court. (Id. at 5).  Defendant also resists the production of documents relating to expenses of and income received and revenues generated by Fairfaxx and Fairtekk on similar grounds (Nos. 19-22).  (Id. at 5-6).

Contrary to defendant's characterization, in the Ruling on Plaintiff's Motion to Compel, filed September 23, 2005 (Dkt. #28)["September 2005 Ruling"], this Magistrate Judge granted plaintiff's request to the extent that defendant was ordered to produce "limited

---

[7] See note 1 supra.

portions of defendant's tax returns, if any, which reflect whether Fairfaxx Personnel Services still exists and whether it has any employees" and further held that "plaintiff . . . is entitled to the Form 5500s" she requested. (At 2-3). Additionally, the September 2005 Ruling ordered the production of portions of defendant's bank statements. (At 3). Moreover, this Court limited the production of documents relating to revenues generated by Fairfaxx to "any spread sheets defendant maintains or can create for each recruiter relating to revenues and commissions" in light of defendant's previous production of W-2s and payroll records from Fairfaxx. (At 3-4).

In the pending Motion, in light of defendant's revised response to plaintiff's Request for Production Nos. 6-9,16-18 & 22 in which defendant stated, inter alia, that there are no documents referring to and/or relating to the sale and/or transfer of assets and/or stock from Fairfaxx to any entity and/or payment to Fairfaxx for assets or stock, and there are no payroll records, bank statements, check ledgers, checks, and/or documents referring and/or relating to income or revenue for Fairfaxx for the entire year of 2005, plaintiff now rightfully seeks to discover whether defendant Fairfaxx still exists and whether Fairtekk has become a successor-in-interest to Fairfaxx. (Dkt. #49, at 2-3 & 5; Dkt. #49, Exh. C). Plaintiff is not required to rely on defendant's representations that Fairfaxx generated no income or revenue in 2005, conducted no business and had no employees in 2005, and is a separate legal entity from Fairtekk.

Fairtekk was formed in 2002 (Dkt. #54, Brief, at 2-3) as an IT company that provided IT services for Fairfaxx's clients, and in 2005 became a recruitment business, the same business in which Fairfaxx had previously been engaged. (Dkts. ##60-61, at 2; Tucci Depo. at 18-19, 36-37). Plaintiff's employment with Fairfaxx ended in February 2004. Plaintiff is entitled to receive limited portions of Fairtexx's federal and state tax returns, W-2s and 1099s from 2004-2005 reflecting the existence of such company, documents relating to health

benefits provided by Fairtekk, to the extent any exist, for the period 2004-2005 and bank statements for accounts held by Fairtekk for 2004-2005.  Defendant shall comply **on or before April 24, 2006.**  Moreover, in absence of any prior production evidencing the income, revenue or expenses of Fairtekk, defendant shall produce documents referring and/or relating to income received/revenues generated by and  expenses of Fairtekk for 2004-2005 **on or before April 24, 2006.**  If defendant so requests, these documents, and the other documents for which production is ordered, may be the subject of a mutually agreed upon protective order, which shall be submitted to this Court **on or before April 7, 2006.**  (See Dkt. #48, ¶ 6; Dkt. #49, at 13 & 17).

As stated above, Joseph Tucci testified at his deposition that Fairfaxx ceased to exist in 2005 and defendant has stated in its revised response to Document Request No. 22, that there was "no income or revenue received by Fairfaxx Corporation in 2005." (Dkt. #49, Exh. C, at 4; see also Tucci Depo. at 34-37).  Accordingly,  defendant shall produce documents relating to Fairfaxx's expenses in 2005, to the extent any exist, and/or shall submit an affidavit to this Court attesting to the non-existence of such documents **on or before April 24, 2006.**

B. DOCUMENT REQUESTS NOS. 23-25

Because defendant has admitted that no sale/transfer of assets agreement between defendant Fairfaxx and any other entity exists, plaintiff requests all correspondence to clients and creditors of defendant Fairfaxx advising them of its sale/transfer of its assets and/or stock, and all January 2005 correspondence between Fairfaxx and its clients "relating to what happened to Fairfaxx's business." (Dkts. ##60-61, at 8 & Exh. H; Dkt. #49, Exh. C).  In order to establish whether a sale or transfer has occurred, plaintiff is entitled to production, to the extent such documents exist, of correspondence to creditors and clients, limited solely to

those documents from 2004 and 2005 that explain the relationship between Fairfaxx and Fairtekk.   These documents shall be produced **on or before April 21, 2006**.

### C. DOCUMENT REQUEST NOS. 26, 31 & 33

In light of the production ordered in Section I.A. supra, production of communications between Fairfaxx and its insurance carrier in 2004 and 2005, and the 2005 phone bills and overnight/express delivery bills for Fairfaxx Corporation is redundant to the extent that such production will reveal the same information that may be gathered from the production of documents evidencing Fairfaxx's expenses in 2005.   Accordingly, plaintiff's request for production of documents responsive to Nos. 26, 31 & 33 is **denied without prejudice to renewal** after plaintiff has an opportunity to review the production evidencing defendant's expenses.

### D. DOCUMENT REQUEST NO. 29

Plaintiff seeks all documents relating to claims asserted against defendant Fairfaxx by any of its former employees with the Department of Labor ["DOL"] from 1997 to present on grounds that such information is relevant to show a pattern of non-payment by defendant of commissions "due and owing" to its employees.  (Dkt. #49, at 15).[8]  Defendant objects on grounds that the information would be contained in confidential personnel files; DOL claims relate to wage claims and plaintiff's claim in this matter relates to a single commission; plaintiff made no claim to the DOL for the increased commission she seeks; and the fact that a claim may have been made is irrelevant to the issue of whether plaintiff is entitled to her claim for increased commission. (Dkt. #54, Brief, at 7-8).

The claim to which plaintiff refers in her brief, asserted by Kristen Knoop (see Dkt. #49, at 15), was a wage claim and not, like plaintiff's claim, a claim for commission.  (Tucci

---

[8]Plaintiff does not refer to Document Request No. 29 in her reply brief.  (See Dkts. ##60-61, at 8-9).

Depo. at 28-30).  Moreover, although plaintiff contends that wage claims made before the DOL for the past nine years are relevant to her claim for an increased commission, plaintiff herself has not made a claim with the DOL.  Accordingly, plaintiff's Motion to Compel a response to Document Request No. 29 is <u>denied.</u>

III. CONCLUSION

For the reasons stated above,  plaintiff's Motion to Compel (Dkt. #47) is  <u>granted with respect to Document Requests Nos. 14 & 19-20, is granted in part with respect to Document Request Nos. 10-13 & 21-25, is denied without prejudice to renew with respect to Document Requests Nos. 26, 31 & 33, and is denied with respect to Document Request No. 29.</u>[9]

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

---

[9]Counsel shall contact this Magistrate Judge's Chambers if he or she believes that a settlement conference would be productive.

Dated at New Haven, Connecticut, this 29th day of March, 2006.


_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge