IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------X
:
DEBRA MOLFESE : 3:05 CV 317 (JBA)
:
:
V. :
:
FAIRFAXX CORPORATION : DATE: APRIL 4, 2006
:
------------------------------------------------------------X

<u>RULING ON PLAINTIFF'S MOTION FOR THIRD PARTY WITNESS TO REVIEW AND
SIGN HER DEPOSITION TRANSCRIPT</u>

The factual and procedural history between this unnecessarily acrimonious litigation is set forth in this Magistrate Judge's Ruling on Plaintiff's Motion to Compel, filed March 29, 2006 (Dkt. #62). On September 12, 2005, United States District Judge Janet Bond Arterton referred this case to this Magistrate Judge for purposes of supervising discovery. (Dkts. ##25 & 27). Discovery is now scheduled to close on May 1, 2006. (Dkt. #50).

On March 3, 2006, plaintiff filed the pending Motion for Third Party Witness to Review and Sign Her Deposition Transcript, and brief and affidavit in support (Dkts. ##51-53),[1] as to which defendant filed its brief in opposition six days later (Dkt. #56).[2] That same day, plaintiff filed her reply brief. (Dkt. ##58).

The issue is a simple one, which counsel should have been able to resolve between themselves. On February 3, 2006, the parties took the deposition of Carla

---

[1] The following four exhibits are attached to plaintiff's brief and affidavit in support (Dkts. ## 52-53): excerpts from the deposition of Carla Gisolfi, taken on February 3, 2006 (Exh. A); copy of Gisolfi's letter to plaintiff's counsel, dated March 3, 2006 (Exh. B); and copies of correspondence between counsel, dated March 2 and March 1, 2006 (Exhs. C-D).

[2] The following seven exhibits are attached: copies of correspondence between counsel, dated January 26, March 3, February 28, and March 2, 2006 (Exhs. A, C & E-F); and additional excerpts from the Gisolfi deposition (Exhs. B, D & G).

Gisolfi, a third party witness; the deposition, which lasted thirty-eight minutes, with a thirty-one page transcript, was held at Gisolfi's office on an expedited basis because Gisolfi has advanced brain cancer and was going into the hospital the following week for treatment. (Dkts. ##52-53, Exh. A; Dkt. #53, ¶ 2; Dkt. #56, Exhs. A-B, D & G).  Her prognosis is uncertain and it is possible that she may be unable to testify at trial due to her medical condition. (Dkt. #53, ¶ 2).  Gisolfi is not an attorney, nor did she have an attorney present at her deposition. (Id. ¶ 3).  Counsel and the court reporter neglected specifically to ask Gisolfi if she would like to review the transcript from her deposition and sign it. (Dkt. ##52-53, Exh. A).  Both counsel agreed, however, to the "usual stipulations." (Dkts. ##52-53, Exh. A; Dkt. #56, Exh. E).[3]  The day after receiving the transcript, plaintiff's counsel contacted Gisolfi to inquire whether she wanted to review and sign the transcript; she responded in the affirmative, with a confirming letter written on March 3, 2006. (Dkt. #53, ¶¶ 4-5; Dkts. ##52-53, Exh. B).  Defense counsel objects. (Dkt. #53, ¶ 6; Dkts. ##52-53, Exhs. C-D; Dkt. #56, Exhs. C, F). The court reporter's certificate does not include a request to have the transcript available for review by the deponent to change and sign the transcript. (Dkt. #56, Exh. D).

As both parties recognize, this matter is governed by FED. R. CIV. P. 30(e), which provides:

> If requested by the deponent or party <u>before completion of the deposition</u>, the deponent shall have 30 days after being notified by the officer that the transcript . . . is available in which to review the transcript . . . and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them.  The officer shall indicate in the certificate prescribed by subdivision (f)(1) whether any review was requested and, if so, shall append any changes made by the deponent during the period allowed.

---

[3] In his brief in opposition, defense counsel represents that the discussion about Gisolfi signing the transcript was held off the record, and that the "usual stipulations" means that the request to read and sign the transcript was waived. (Dkt. #56, at 2-3).

2

(emphasis added).  The Advisory Committee Notes for the 1993 Amendments to Rule 30(e) indicate that under the revised rule, "pre-filing review by the deponent is required only if requested before the deposition is completed."

> As the Tenth Circuit has ruled:
>
> The requirements of Rule 30(e) are clear.  To make "changes in form or substance" to a deposition pursuant to Rule 30(e), a party or deponent must request review of his [or her] deposition before its completion, and the officer conducting the deposition must denote the request on a certificate, which "shall be in writing and accompany the record of the deposition."  If the party or deponent properly requests review, the party or deponent may submit changes to his [or her] deposition within thirty days after being notified by the officer that the transcript is available for review.

Rios v. Bigler, 67 F.3d 1543, 1552 (10th Cir. 1995)(citation omitted).[4]  The Tenth Circuit described these two requirements as "absolute prequisite[s]" under Rule 30(e).  Id.  In Rios, because plaintiff had failed to provide an adequate record of whether her counsel or her expert witness had requested review prior to the completion of his deposition, and whether the court reporter's certificate included this request, the expert was not entitled to review his transcript.  Id. at 1552-53.  See also Summerhouse v. HCA Health Servs. of Kansas, 216 F.R.D. 502, 509 (D. Kan. 2003); Cohen's Fashion Optical, Inc. v. Cohen, 1996 WL 1493026, at *9 (W.D. Pa. Sept. 30, 1996); Blackthorne v. Posner, 883 F. Supp. 1443, 1454 n.16 (D. Ore. 1995).  A case directly on point is Agrizap, Inc. v. Woodstream Corp., 232 F.R.D. 491, 493 (E.D. Pa. 2006), where the court did not permit a non-party witness to alter his deposition transcript where neither plaintiff nor the witness requested the opportunity to review his deposition and the court reporter did not issue a certificate that either party had asked to review the transcript. As the district court observed, "there

---

[4]None of the briefs contained any case citations.

is no debate that the procedural requirements of Rule 30(e) must be adhered to." Id.[5]

Despite the harsh adherence to these two prerequisites, absent a showing of prejudice by the use of the transcript, "any discrepancy in the Rule 30(e) procedures is harmless error at most." Cohen's Fashion Optical, 1996 WL 1493026, at *9 (citation omitted). Two factors may compel some softening of the apparently rigid procedural requirements of Rule 30(e) – Gisolfi has advanced brain cancer and thus may not be available for trial, and the deposition only lasted thirty-eight minutes, producing only thirty-one pages of transcript.  As plaintiff observed in her reply brief, "[i]t may very well be that there are no changes to this transcript," so that there would be no prejudice to defendant. (Dkt. #58, at 3-4).  Under these circumstances, it would be appropriate to have Gisolfi review her thirty-one page transcript as quickly as possible, assuming that her medical condition does not impair her memory or concentration.  There well may be no changes to the Gisolfi deposition, or only innocuous changes.  If, however, Gisolfi notifies plaintiff's counsel that she believes there are substantive errors in the transcript, then plaintiff's counsel shall so notify defense counsel and the Magistrate Judge's Chambers, and a telephonic status conference will be scheduled thereafter.

Accordingly, plaintiff's Motion for Third Party Witness to Review and Sign Her Deposition Transcript (Dkt. #51) is <u>granted in part and denied in part</u> to the extent set

---

[5] The district court did note, however, that the federal courts "are split over whether to allow substantive changes to a deposition," with "the majority view . . . interpret[ing] Rule 30(e) to permit the deponent to make any kind of changes," while "[a] minority view takes the position that corrections on errata sheets that alter the substance fo the deponent's testimony are not permitted." Id. at 493 & n. 2 (multiple citations omitted).

The courts within the Second Circuit "have construed the Rule broadly, even accepting changes which contradict the original testimony." Desulma v. City of New York, 2001 WL 798002, at *4 (S.D.N.Y. July 6, 2001)(citations omitted).  The Second Circuit requires that "when a party amends his testimony under Rule 30(e), the original answer to the deposition questions will remain part of the record and can be read at the trial. Nothing in the language of Rule 30(e) requires or implies that the original answers are to be stricken when changes are made." Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 103 (2d Cir. 1997)(citations & internal quotations omitted).

forth above.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 4th day of April, 2006.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge